BADGER DAIRY COMPANY, Respondent, vs. HANSEN, Appellant.

*March 9—April 6, 1926.*

*Corporations: Action on stock subscription contract: Defenses: That corporation has abandoned its enterprise: Ultra vires acts: Failure to pay statutory organization fees: Unsubstantial and technical defenses.*

1. The acts of a corporation in failing to carry out its corporate purposes and abandoning its enterprise by leasing its properties are in the nature of acts *ultra vires,* and are no defense to an action by the corporation to enforce a subscription to its capital stock. p. 549.

2. An attempt on the part of the directors of the corporation to do some corporate act or acts beyond the corporate power is no defense to an action on a stock subscription contract. p. 549.

3. Defendant, who was sued on his stock subscription contract, could not assert as a defense a failure on the part of the corporation to pay the necessary organization fees under sub. (9) (c) of sec. 1772, Stats. 1919, that being a matter between the state and the corporation not affecting the contractual relations of the parties to the subscription contract. p. 549.

4. The amounts due from the subscribers to stock constitute the sole assets of a new corporation, and the courts do not look with favor upon technical and unsubstantial defenses to subscription contracts. p. 549.

APPEAL from a judgment of the circuit court for Racine county: C. M. DAVISON, Judge. *Affirmed.*

The plaintiff is a corporation organized under the laws of the state of Wisconsin. The business and purpose of said corporation "shall be to manufacture and sell milk, cheese, and other dairy products, and to purchase, lease hold, sell and exchange real estate, and personal property and to do all acts and things not contrary to law which may be necessary or convenient in carrying out the aforesaid express purposes." Its capital stock consisted of 1,000 shares of the par value of $50 each. On January 31, 1921, the defendant

subscribed for five shares of the capital stock of the plaintiff company, and on March 5, 1921, paid $50 on account of the subscription and refuses to pay the remainder.

This action was begun to recover the remainder of the subscription, $200, with interest and costs. The defendant admits the subscription to the capital stock of the plaintiff company and sets up as a defense to the action therefor that the plaintiff company had not complied with the provisions of the statute requiring it to secure a permit for the sale of the stock under the Blue Sky Law.

As a further defense the defendant alleges that the plaintiff had failed and neglected to carry out the purposes for which it was organized and that by a lease of its premises it had abandoned its corporate purpose. It appears that when the plaintiff company had erected a building in accordance with plans and specifications therefor, which building was designed for the purpose of manufacturing dairy products, it had no capital to carry on the operation; that it thereupon leased to the Milk Producers Marketing Company its building at an annual rental of $7,350; that thereafter the lessee conducted upon the premises the manufacture of dairy products and afforded a local market for dairymen in the vicinity of the plant. The court was of the opinion that under such circumstances the defendant had no defense to a subscription and directed judgment for the plaintiff in the sum of $248.95 with costs, from which judgment the defendant appeals.

_C. O. Bergener_ of Racine, for the appellant.

For the respondent there was a brief by _Beck, Smalley & Smith_ of Racine, and oral argument by _G. E. Smalley._

Rosenberry, J. The defendant contends (1st) that by reason of the failure of the plaintiff corporation to carry into effect the purposes for which it was organized, he is discharged from liability on his stock subscription; (2d) that

the plaintiff abandoned the enterprise which it undertook to carry on and thereby relieved the defendant from liability on his stock subscription; (3d) that the sale of the stock of the plaintiff was void because its membership was not entirely composed of farmers as required by sub. (9) (b) of sec. 1772 of the Statutes of 1919, and organization fees should have been paid in accordance with the provisions of. sub. (9) (c) of sec. 1772.

It is argued on behalf of the plaintiff that it did not fail to carry out its corporate purposes; that the lease was not an abandonment of the enterprise, and that it has not violated any law of the state of Wisconsin relating to the organization of the corporation. The acts alleged in support of the first and second propositions made by the defendant are in the nature of acts *ultra vires* and constitute no defense to an action to enforce the subscription to the capital stock of the company. The defendant was a stockholder of the plaintiff company, and if there was in fact any attempt on the part of the directors (a question which we do not determine in this action) to do some corporate act or acts which were beyond the power of the corporation to do (a question which we do not determine in this action), it constitutes no defense. The stockholders' remedy is to have the performance of such acts enjoined, or, if already performed, to set them aside. 1 Cook, Corp. (8th ed.) p. 595, § 187, and cases there cited. There has been no amendment to the articles of incorporation and in that sense no change in its purposes.

Nor can the defendant avail himself, in an action brought to enforce his liability on a stock subscription, of any failure on the part of the plaintiff corporation to pay the necessary organization fees. That is a matter between the state and the corporation which in no way concerns the defendant or affects his liability. The amounts due to the corporate treasury from subscribers of stock constitute the sole assets of a new corporation, and courts do not look with favor upon

technical and unsubstantial defenses to subscription con-
tracts. None of the matters set up by the defendant in any
manner affect the contractual relations of the parties. Each
of the defendant's claims relates to matters entirely outside
of and having no connection therewith. Where there has
been a change in the corporate organization by amendment
so that the corporation suing is not in reality the corpora-
tion for the stock of which the subscription was made, an
entirely different situation is presented. Nothing of that
kind appears in this case.

*By the Court.*—Judgment affirmed.